UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| JAMAL KEARSE,<br><br>         Plaintiff,<br><br>-against-<br><br>DEPARTMENT OF CORRECTIONS, WARDEN SHAW, CAPTAIN CHESTNUT #1425, OFFICER ALMANZAR #18373, OFFICER SMITH (11A), DR. ROUCHE,<br><br>         Defendants. | **ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS NEW YORK CITY DEPARTMENT OF CORRECTION, WARDEN SHAW, CORRECTION OFFICER ALMANZAR, CORRECTION OFFICER SMITH AND P.A. ROCHE** |

------------------------------------------------------------------------ x

07 CV 1503 (GBD)(AJP)

Jury Trial Demanded

  Defendants New York City Department of Correction ("DOC"), Warden Robert Shaw, Correction Officer Almanzar, Correction Officer Smith and Physician's Assistant Roche, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

  1. Deny the allegations set forth in paragraph "I" of the complaint and all of its subparts, except admit that plaintiff purports to name the parties as stated therein.

  2. Deny the allegations set forth in paragraph "II.A." of the complaint, except admit that plaintiff was incarcerated at the George R. Vierno Center on August 20, 2007.

  3. Deny the allegations set forth in paragraph "II.B." of the complaint, except admit that plaintiff was housed in unit 11A on August 20, 2007.

  4. Deny the allegations set forth in paragraph "II.C." of the complaint.

---

[1] In addition to these defendants, the complaint purports to name "Captain Chestnut #1425" as a defendant. On information and belief, Captain Chestnut has not been served with a copy of the summons and complaint and is therefore not a defendant in this action.

     5.     Deny the allegations set forth in paragraph "II.D." of the complaint.

     6.     Deny the allegations set forth in paragraph "III" of the complaint.

     7.     Deny the allegations set forth in paragraph "IV" of the complaint and all of its subparts, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's attempts to file a grievance in connection with the alleged incident.

     8.     Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

     9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

     10.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

     11.     Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

     12.     Defendants Warden Shaw, Correction Officer Almanzar, Correction Officer Smith and Physician's Assistant Roche have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

- 3 -

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

13. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

14. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

15. Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

16. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

18. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

19. Plaintiff provoked any incident.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

20. Defendants' actions were justified by probable cause.

- 4 -

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

21.     Any actions taken by DOC employees and/or medical staff at the George R. Vierno Center was reasonable.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

22.     Warden Shaw had no personal involvement in the incident alleged by plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

23.     DOC is a non-suable entity.

**WHEREFORE,** defendants New York City Department of Correction, Warden Robert Shaw, Correction Officer Almanzar, Correction Officer Smith and Physician's Assistant Roche request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 30, 2008

>       MICHAEL A. CARDOZO
>       Corporation Counsel of the
>         City of New York
>       Attorney for Defendants Department of Correction,
>       Warden Shaw, Correction Officer Almanzar,
>       Correction Officer Smith and P.A. Roche
>       100 Church Street
>       New York, New York 10007
>       (212) 788-1575
>
>       By:  _____/s/_____
>            Bradford C. Patrick
>            Assistant Corporation Counsel
>            Special Federal Litigation Division

To:   BY MAIL
      Jamal Kearse, #▮▮▮▮▮
      Plaintiff Pro Se
      George R. Vierno Center
      09-09 Hazen Street
      E. Elmhurst, NY 11370

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **May 30, 2008** I served the annexed **Answer to the Complaint on Behalf of Defendants New York City Department of Correction, Warden Shaw, Correction Officer Almanzar, Correction Officer Smith and P.A. Roche** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Jamal Kearse, #
> Plaintiff Pro Se
> George R. Vierno Center
> 09-09 Hazen Street
> E. Elmhurst, NY 11370

Dated:   New York, NY
         May 30, 2008

/s/
Bradford C. Patrick
Assistant Corporation Counsel
Special Federal Litigation

Index No.  08 CV 1503 (GBD)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAL KEARSE,

                                         Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS, WARDEN SHAW, CAPTAIN CHESTNUT #1425, OFFICER ALMANZAR #18373, OFFICER SMITH (11A), DR. ROUCHE,

                                           Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS NEW YORK CITY DEPARTMENT OF CORRECTION, WARDEN SHAW, CORRECTION OFFICER ALMANZAR, CORRECTION OFFICER SMITH and P.A. ROCHE**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants Department of Correction, Warden Shaw, Correction Officer Almanzar, Correction Officer Smith and P.A. Roche*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-013235*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..............................................., 200......*

*................................................................................ Esq.*

*Attorney for..................................................................*