UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMAL KEARSE,                                    :

                    Plaintiff,               :        08 Civ. 1503 (GBD) (AJP)

          -against-                          :                ORDER

DEPARTMENT OF CORRECTIONS, WARDEN   :
SHAW, CAPTAIN CHESTNUT #1425, OFFICER
ALMANZAR #18373, OFFICER SMITH 11A &   :
DR. ROUCHE

                                             :

                    Defendants.

                                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/10/08

**ANDREW J. PECK, United States Magistrate Judge:**

1.      At today's conference, plaintiff voluntarily dismissed his claims against defendant Warden Shaw.  (See transcript.)  The case remains open as to all other defendants.

2.      Defendants' statute of limitations defense was withdrawn at the conference.  (See transcript.)

3.      Defendants are to file a revised answer and serve revised Local Rule 33.2 discovery responses by June 17, 2008.

4.      The Joint Pretrial Order (to be submitted by defendants on behalf of all parties) is due July 21, 2008, even if defendants file a summary judgment motion.

5.      A settlement conference is scheduled for June 30, 2008 at 9:30 a.m. before Magistrate Judge Andrew J. Peck in Courtroom 20D, 500 Pearl Street.  Defense counsel is to arrange for plaintiff, Jamal Kearse, to appear telephonically if he remains incarcerated (if Mr. Kearse is released before June 30, he must appear in person in Courtroom 20D).  Defense counsel attending the conference must have full settlement authority, the Comptroller must

C:\ORD\

2

be available for further telephonic consultation, and if City DOCS' input is needed, someone from DOCS must be present.

On or before June 23, 2008 defense counsel shall, and plaintiff at his option may, provide a confidential settlement memorandum to my chambers.  The memorandum shall not be filed with the Clerk of the Court nor provided to the opposing party.  The memorandum should explain the factual and legal background of the case as it impacts on settlement negotiations; the status of prior settlement discussions between the parties, if any; and the party's settlement proposal (range).  The latter should be the realistic settlement range of that party, not just the party's "opening bid."  The settlement range in the settlement memorandum will be kept confidential by me and not disclosed to the opposing party.  I strongly suggest that the settlement memorandum not exceed 15 pages (counsel may file a longer memorandum without leave of court if counsel truly believes it is necessary; however, any memorandum in excess of 15 pages must be filed two weeks before the conference).

The parties are to follow the "Individual Practices of Magistrate Judge Andrew J. Peck," a copy of which was previously provided.

SO ORDERED.

DATED:      New York, New York
            June 10, 2008

                                              _____
                                              Andrew J. Peck
                                              United States Magistrate Judge

Copies to:  Jamal Kearse (Mail)
            Bradford C. Patrick, Esq. (Fax)
            Judge George B. Daniels

C:\ORD\